IN THE SUPREME COURT OF THE STATE OF NEVADA

7813 MILKWEED COURT TRUST, A NEVADA TRUST,
Appellant,
vs.
WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION,
Respondent.

No. 79270

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The governing HOA's notice of delinquent assessment on the subject property included a $504 superpriority amount.[2] The homeowner made multiple payments after the notice was recorded, with the foreclosure agent remitting $1,304 of those payments to the HOA. In the later quiet title action, the district court found that the HOA applied the payments in

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We do not consider appellant's argument regarding maintenance and nuisance abatement charges since it did not raise that argument below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that failure to raise a point in the district court renders it waived and prevents this court from considering it on appeal).

20-18617

a manner that cured the superpriority default based on a declaration from the HOA's representative. The district court subsequently entered judgment in favor of respondent, the first deed of trust holder, concluding that the HOA foreclosure sale did not extinguish the first deed of trust on the property.

We recently held in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, 459 P.3d 227, 232 (2020), that payments made by a homeowner can cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property, and we therefore reject appellant's arguments to the contrary. We also held in *Cranesbill Trust* that whether a homeowner's payments cured a superpriority default depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *Id.* at 231. To that end, the uncontroverted evidence in the record demonstrates that the HOA applied the homeowner's payments in a manner that cured the superpriority default. The HOA representative declared in a sworn statement attached to respondent's summary judgment motion that the HOA's practice and policy was to apply homeowner payments to the oldest assessments first, rather than late fees or other charges, and that it so applied the homeowner's payments at issue in this case. And the declaration and HOA ledger demonstrated that the oldest unpaid assessments were incurred in the nine months that preceded the HOA's notice of delinquency. *See* NRS 116.3116(2) (2009) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due . . . during the 9 months

Supreme Court
OF
Nevada

(O) 1947A

immediately preceding institution of an action to enforce the lien"); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) (holding that, under the pre-2015 version of NRS 116.3116, serving a notice of delinquency institutes an action to enforce the lien). Thus, the evidence shows that the oldest unpaid assessments were those making up the superpriority default and that the HOA applied the homeowner's payments in a manner that cured the superpriority default before the HOA's foreclosure sale such that summary judgment in favor of respondent was proper. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (recognizing that an HOA's foreclosure on a lien that has no superpriority component results in the first deed of trust remaining on the property); *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Appellant's challenges to the HOA representative's declaration fail. First, appellant did not challenge the declaration in any manner below,[3] such that we need not consider those challenges on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that failure to raise a point in the district court renders it waived and prevents this court from considering it on appeal). Second, that the declaration may be inadmissible at trial is irrelevant as the district court

---

[3]In addition to other challenges that can be made to declarations supporting a summary judgment motion, NRCP 56(c)(2) specifically allows a party to object to such declarations that "cannot be presented in a form that would be admissible in evidence."

entered its order following a summary judgment motion and NRCP 56(c)(4) permits parties to support such motions with declarations.[4]

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
Ayon Law, PLLC
Snell & Wilmer, LLP/Tucson
Gil Kahn
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk

---

[4]Because we affirm the grant of summary judgment based on the homeowner curing the superpriority default before the HOA foreclosure sale, we need not address the parties' remaining arguments.